UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREA P.-A., | No.  1:25-cv-02080-KES-SKO (HC) |
| Petitioner, | **FINDINGS AND RECOMMENDATION TO GRANT PETITION FOR WRIT OF HABEAS CORPUS** |
| v. | |
| KRISTI NOEM, Secretary of the Department of Homeland Security; PAMELA BONDI, Attorney General of the United States; TODD LYONS, Acting Director of Immigration and Customs Enforcement; ORESTES CRUZ, Acting Director of the ICE Field Office; and CHRISTOPHER CHESTNUT, Warden of the California City Detention Center, | **[21-DAY OBJECTION DEADLINE]** |
| Respondents. | |

Petitioner is a former immigration detainee proceeding with a petition for writ of habeas corpus.  She is a noncitizen who entered the United States on June 4, 2022, without inspection. Petitioner was initially detained by immigration authorities after her entry and released shortly thereafter on her own recognizance in accordance with 8 U.S.C. § 1226.  Over the next three years, she sought asylum in her immigration case and maintained a clean criminal record. On October 2, 2025, when she appeared for an in-person appointment with Immigration and Customs Enforcement ("ICE"), ICE agents re-detained her.

1

On December 31, 2025, Petitioner filed the instant petition, (Doc. 1), and a motion for temporary restraining order, (Doc. 4), contending her re-detention without a pre-deprivation hearing violated the Due Process Clause of the Fifth Amendment.  On January 11, 2026, the District Court converted the motion for temporary restraining order into a motion for preliminary injunction and granted the motion. (Doc. 12.) The Court ordered Respondents to release petitioner immediately, and enjoined Respondents from re-detaining Petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that Petitioner is a flight risk or danger to the community such that her physical custody is legally justified. (Id.)

On January 20, 2026, the undersigned issued an order directing the parties to advise the Court within five (5) days whether they wished to stand on their submissions, or whether the parties wished to provide supplemental briefing. (Doc. 13.) Over five (5) days have passed and no party has responded. Thus, the Court will proceed on the assumption that the parties do not wish to submit additional briefing.

For the reasons stated in the order granting a preliminary injunction, and consistent with the Court's numerous previous orders considering the same legal issues, see, e.g., Clene C.D. v. Robbins, No. 1:25-CV-01463-KES-SKO (HC), 2025 WL 3492118 (E.D. Cal. Dec. 4, 2025); Bilal A. v. Wofford, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025); and J.A.E.M. v. Wofford, No. 1:25-CV-01380-KES-HBK (HC), 2025 WL 3013377 (E.D. Cal. Oct. 27, 2025), the Court will recommend the petition be granted.

In summary, by releasing Petitioner under 8 U.S.C. § 1226(a), the government necessarily determined that Petitioner was not a danger to the community or a flight risk. Saravia v. Sessions, 280 F. Supp. 3d 1168, 1176 (N.D. Cal. 2017), *aff'd sub nom.* Saravia for A.H. v. Sessions, 905 F.3d 1137 (9th Cir. 2018). By permitting Petitioner to be at liberty for over three years and allowing her to establish ties in the United States, the government enabled Petitioner to develop a protected liberty interest in her continued liberty. See Guillermo M. R. v. Kaiser, No. 25-CV-05436-RFL, 2025 WL 1983677, at *4 (N.D. Cal. July 17, 2025) (recognizing that "the liberty interest that arises upon release [from immigration detention] is inherent in the Due Process

Clause”); <u>Ortega v. Kaiser</u>, No. 25-cv-05259-JST, 2025 WL 1771438, at *3 (N.D. Cal. June 26, 2025) (collecting cases finding that noncitizens who have been released have a strong liberty interest); <u>see also</u> <u>Morrissey v. Brewer</u>, 408 U.S. 471, 482 (1972).  Implicit in the government's allowance of Petitioner to be at liberty was the "promise that parole [would] be revoked only if [she] fail[ed] to live up to the parole conditions." <u>Morrissey</u>, 408 U.S. at 482. And by failing to provide her with a hearing before revoking parole, the government violated Petitioner's due process rights.

## RECOMMENDATION

For the foregoing reasons, the Court hereby RECOMMENDS that the petition be GRANTED.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within twenty-one (21) days after being served with a copy of this Findings and Recommendation, a party may file written objections with the Court and serve a copy on all parties. <u>Id</u>. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014).  This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of

/////

/////

/////

3

Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated:  **February 11, 2026**                    /s/ *Sheila K. Oberto*
                                    UNITED STATES MAGISTRATE JUDGE